IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 16-cr-24-JED-1 |
| | ) | (Related: 18-cv-527-JED-FHM) |
| JOSHUA HARRING, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

**I.   Background**

On February 13, 2017, Joshua Harring pled guilty to one count of conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c), and one count of sex trafficking of a child, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(2). (Doc. 158, 160, 161). This Court accepted Mr. Harring's pleas and sentenced him to 228 months of imprisonment for each count, to run concurrently with each other and with any term of imprisonment imposed in Tulsa County District Court Case CF-2016-163. (Doc. 209 at 2). The Court further sentenced Mr. Harring to seven years of supervised release. (*Id.* at 3). The judgment was entered on August 28, 2017.

On September 13, 2017, Mr. Harring filed a Notice of Appeal. (Doc. 210). On May 8, 2018, the Tenth Circuit Court of Appeals granted Mr. Harring's motion to dismiss his appeal. (Doc. 234). Mr. Harring has not filed a petition for certiorari. On October 11, 2018, Mr. Harring filed a timely *pro se* motion under 28 U.S.C. § 2255 in which he challenges his judgment of conviction based on ineffective assistance of counsel. (Doc. 242).

**II.   Ineffective Assistance of Counsel Claim**

The Court construes Mr. Harring's arguments liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *United States v. Weeks*, 653 F.3d 1188, 1200 n.7 (10th Cir. 2011).

1

"If a district court can 'reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)). However, this rule of liberal construction stops at the point at which the Court begins to serve as the petitioner's advocate. *Pinson*, 584 F.3d at 975 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

As noted above, Mr. Harring asserts a claim of ineffective assistance of counsel. "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the two-part *Strickland* test, a defendant asserting ineffective assistance of counsel must first show "that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under this first prong, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom.'" *Ellis v. Raemisch*, 872 F.3d 1064, 1083 (10th Cir. 2017) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

The second *Strickland* prong requires the defendant to show prejudice—specifically, that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "When a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (internal quotation marks omitted) (quoting *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). A defendant can also claim that ineffective assistance of counsel caused him to miss out on a more favorable plea offer. *Frye*, 566 U.S. at 148.

Mr. Harring provides <u>very</u> little information in support of his ineffective-assistance claim. His only allegations are as follows:

- "Failure to investigate,"
- "Failure to talk to witnesses," and
- "I felt really pressured to sign for my time."

(Doc. 242 at 5). Below these assertions, he identifies two people as "witnesses": Cheyenne Techumsah[1] and K.H. (*Id.*). Nothing more is provided.

The Court first notes that, in some circumstances, defense counsel's failure to investigate can satisfy the first prong of *Strickland*. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). However, the determination of whether this type of alleged error "prejudiced" the defendant "depend[s] on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id.*, *quoted in Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 59. A petitioner's "'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." *Miller*, 262 F.3d at 1072. In this case, Mr. Harring has failed to allege the kind of prejudice needed to satisfy the second prong of *Strickland*. Without any specific allegations concerning how further investigation would have led defense counsel to change his recommendation as to the plea, the Court finds that Mr. Harring has not stated a valid ineffective-assistance claim concerning failure to investigate or speak with potential witnesses.

---

[1] The spelling of this person's last name is unclear.

Likewise, Mr. Harring's statement that he felt pressured to plead guilty is insufficient to establish that his counsel's performance was deficient. *See Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) (quoting *Williams v. Chrans*, 945 F.2d 926, 933 (7th Cir. 1991)) ("'Advice—even strong urging' by counsel does not invalidate a guilty plea."). Mr. Harring has simply not pled sufficient facts to support a claim that the pressure applied by his counsel was objectively unreasonable.

The Court also observes that Mr. Harring stated, under oath, in his plea petition and plea colloquy that he was offering his guilty plea freely and voluntarily. (*See*. Doc. 160 at 4, Doc. 165 at 26-27). Mr. Harring further affirmed that no one had attempted to threaten him, his family, or anyone close to him to force him to plead guilty in this case. (Doc. 165 at 26). He also affirmed that no one made any promises, representations, or guarantees in order to get him to plead guilty. (*Id*.). Though Mr. Harring gave a somewhat equivocal answer[2] to the question of whether his counsel had fully advised him concerning his guilty plea, he affirmed that he understood the consequences of the plea, had ample time to discuss the terms of the plea agreement with his counsel, and knew of no reason why the Court should not accept his plea. (*Id*. at 26, 30). Mr. Harring's "statements made in court under oath are 'conclusive in the absence of a believable reason justifying' their rejection." *United States v. Glass*, 66 F. App'x 808, 810 (10th Cir. 2003) (quoting *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978)). The Court finds no basis in the record or in Mr. Harring's motion to reject his sworn statements.

---

[2] The transcript states in relevant part:

> COURT: Do you believe [your counsel] has fully advised you concerning this matter?
> DEFENDANT: Yes sir. For the most part.
> COURT: I'm sorry?
> DEFENDANT: Yes sir.

(Doc. 165 at 30).

4

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Court finds that a hearing is not necessary in this case because the record conclusively establishes that Mr. Harring is not entitled to relief. Mr. Harring's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 242) is hereby **denied**.

**ORDERED** on this 19th day of October, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE